UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIZABETH ANN LITTLEJOHN,<br><br>  Plaintiff,<br><br>  v.<br><br>KAISER PERMANENTE OF WASHINGTON,<br><br>  Defendant. | Case No. 3:23-cv-06194-TMC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is pro se Plaintiff Elizabeth Ann Littlejohn's motion to appoint counsel. Dkt. 5. For the reasons explained below, the Court DENIES Ms. Littlejohn's motion without prejudice. This order does not prevent Ms. Littlejohn from seeking appointment of counsel at a later stage of the case when the Court can better assess the merits of her claims.

**I.   BACKGROUND**

Ms. Littlejohn filed this case on December 28, 2023, Dkt. 1, and this application for court-appointed counsel on January 3, 2024. Dkt. 5. Her complaint alleges that, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), Defendant Kaiser Permanente of Washington ("Kaiser") wrongfully terminated her employment due to her application for a COVID-19 vaccination exemption. *See* Dkt. 1-2 at 2. Ms. Littlejohn requests court-appointed counsel

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL - 1

because she has unsuccessfully sought pro bono legal representation. Dkt. 5 at 2. Ms. Littlejohn states in support of her application that while she has contacted "close to 200 attorneys," none are willing to represent her pro bono, and that she cannot afford the rates of the attorneys willing to assist. *Id*.

## II.   DISCUSSION

There is generally "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 1921) (internal citation omitted). But in employment discrimination cases arising under Title VII, the Court may appoint counsel "upon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). When considering a request for counsel for Title VII claims, the Court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

Here, the Court has granted Ms. Littlejohn permission to proceed in forma pauperis. Dkt. 2. Her lack of financial resources therefore weighs in favor of appointing counsel. *Bradshaw*, 662 F.2d at 1319.

Ms. Littlejohn notes in her motion that she has contacted "close to 200 attorneys" but none were willing to represent her pro bono. Dkt. 5 at 2. Instead, "the attorneys willing to assist [. . .] start at a minimum of around $400/hour" which is not financially feasible for Ms. Littlejohn. *Id.* All that *Bradshaw* requires is "a reasonably diligent effort under the circumstances to obtain counsel." *Bradshaw*, 662 F.2d at 1319. Ms. Littlejohn has met this requirement.

However, it is too early in the litigation for the Court to determine whether Ms. Littlejohn's claims have merit. Unlike in *Bradshaw*, *id.* at 1320, the EEOC did not issue a

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL - 2

"reasonable cause" finding in this case—instead, it closed the investigation and issued a "right to sue" notice without making a finding on the merits of the claim. Dkt. 3-3. Kaiser has not yet appeared in the case, the Court has not had a chance to review Kaiser's response to the allegations, and there has not been any motion practice.

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the standard discussed above. While the Court appreciates Ms. Littlejohn's application for counsel and the information she has provided, her case does not meet that standard at this time. The Court is open to considering a new motion from Ms. Littlejohn in the future once there is more information in the record about the merits of her claims.

### III.   CONCLUSION

The Court DENIES Ms. Littlejohn's motion to appoint counsel without prejudice. The Court encourages Ms. Littlejohn to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of January, 2024.

Tiffany M. Cartwright
United States District Judge