UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIZABETH ANN LITTLEJOHN,<br><br>            Plaintiff,<br><br>   v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br>            Defendant. | Case No. 3:23-cv-06194-TMC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

## I.    INTRODUCTION

Plaintiff Elizabeth Ann Littlejohn worked as a scheduler for Defendant Kaiser Foundation Health Plan of Washington until her employment was terminated after she refused to be vaccinated against COVID-19. Littlejohn alleges that Kaiser failed to accommodate her religious beliefs, and treated her less favorably because of her specific religious beliefs, in violation of Title VII of the Civil Rights Act and the Washington Law Against Discrimination. Dkt. 20. Kaiser has now moved to dismiss Littlejohn's complaint, arguing that Littlejohn has failed to plausibly allege that she declined vaccination based on a sincerely held religious belief or that she was treated "less favorably than similarly situated persons outside her protected class." Dkt. 29. At this early stage of the litigation, Littlejohn has pled sufficient facts to state plausible claims for relief. Accordingly, Kaiser's motion is DENIED.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 1

## II. BACKGROUND

The following facts are taken from Littlejohn's amended complaint (Dkt. 20) and documents submitted by Kaiser that are incorporated by reference into the amended complaint. The Court must assume that Littlejohn's allegations are true when ruling on a motion to dismiss. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).

Littlejohn worked for Kaiser as a scheduling coordinator and was responsible for, among other administrative tasks, providing instructions to patients and conducting financial screening. Dkt. 20 at 4. Littlejohn continued performing her job duties during the COVID-19 pandemic in 2020 and 2021. *Id*. On August 9, 2021, Washington state announced it was requiring all healthcare providers to be fully vaccinated by October 18. *See* Wash. Proclamation No. 21-14.1(1)(a)–(d) (Aug. 9, 2021)[1]; Dkt. 20 at 5. Washington's proclamation allowed employers to provide religious accommodations unless doing so would cause undue hardship, consistent with the requirements of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Washington Law Against Discrimination ("the WLAD"). Wash. Proclamation No. 21-14.1(2)(a)–(c); *see* Dkt. 20 at 5. Kaiser contemporaneously implemented its own vaccination policy, "which essentially mirrored" the Washington Proclamation. *See* Dkt. 20 at 5.

On September 2, 2021, Littlejohn submitted a written exemption request to Kaiser that included an explanation of her religious objection to receiving COVID-19 vaccination. Dkt. 20 at

---

[1] The Court considers the Washington Proclamation as incorporated into Littlejohn's complaint by reference. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.")

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 2

6; Dkt. 30[2] at 22–24. Littlejohn's statement reads in its entirety:

> I believe to be true, and it serves as a reference point for all choices, decisions and actions in my life. Modern medicine has its place when needed, however I believe that Jesus Christ is my ultimate protector and healer.
> Romans 14:12 declares that Jesus Christ has let us decide for ourselves what we deem clean and unclean.
>
> 1 Corinthians 6:19–20 and 10:31 reminds us that we are to regard out bodies as a temple of God's Holy Spirit, and we are called not to defile our bodies. Notwithstanding the presence of socially sacrificed human and debris in vaccinations, I firmly believe that the presence of attenuated viruses, animal cells, foreign DNA, albumin from human blood, carcinogens and chemical wastes is a strict violation on my imperative to treat my body as a Holy Temple of the Spirit of God.
> Genesis 9:4, Leviticus 17:10–11, 17:14, Deuteronomy 12:30 and The Book of Acts 15:20 and 29 informs us that blood represents the life fore [*sic*] of human and animal species, and that human blood was to be kept pure under all circumstances, and free from contaminants such as animal cells, parts and blood.
>
> Because of my above clarification that was previously stated and requested to clarify again, my deeply religious beliefs and my personal religious beliefs listed above, I cannot and will not receive the Covid19 vaccination that Kaiser is requiring me to take.
> My original statement still stands, and I am again clarifying this for the record.

Dkt. 30 at 24 (formatting in original).

In her amended complaint, Littlejohn alleges that the references to "contaminants" in her

---

[2] Littlejohn separately moves to strike (Dkt. 32) the Declaration of Josh Goldberg (Dkt. 30) filed in support of Kaiser's motion to dismiss (Dkt. 29). The documents in the declaration are central to Littlejohn's claims and referenced throughout her amended complaint and therefore incorporated by reference. *Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). Littlejohn does not question the authenticity of the documents in Goldberg's declaration in her motion to strike, only that the documents are improperly authenticated by Kaiser's legal counsel rather than a direct Kaiser employee. *See generally* Dkt. 32. Littlejohn cannot "deliberately omit[] references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *as amended* (July 28, 1998). The Court determines the authentication issues raised in Littlejohn's motion are moot because Kaiser has submitted the Declaration of Derek Sumimoto (Dkt. 37) attesting to the authenticity of the documents in the Goldberg declaration. Accordingly, the Court DENIES Littlejohn's motion to strike and considers the documents in the Goldberg declaration as part of Littlejohn's allegations.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 3

submission "objected to the use of aborted fetal cells in either testing or production of the vaccines." Dkt. 20 at 6. On September 8, Kaiser informed Littlejohn that she was provisionally approved for a religious vaccine exemption, subject to change. *See* Dkt. 20 at 6; Dkt. 30 at 26–36. On September 21, Kaiser notified Littlejohn that it was performing additional review of her exemption request and on October 25, Kaiser notified Littlejohn that her exemption had been revoked upon further review because it was "not based on a sincerely held belief in a religious doctrine or teaching." Dkt. 30 at 26–36. Littlejohn was placed on administrative leave beginning on October 25,[3] after which Kaiser ultimately terminated her employment. *See* Dkt. 20 at 10; *see also* Dkt. 30 at 33–36.

Littlejohn alleges that Kaiser could have reasonably accommodated her sincerely held religious beliefs by allowing her to perform her job remotely or by allowing her to use masks, testing, and distancing to perform her job safely. Dkt. 20 at 10. Littlejohn further alleges that Kaiser did grant religious accommodations to some employees, *id.*, but that Kaiser chose to reject accommodation requests based on certain categories of religious beliefs it disfavored, including: "those who believe their body is a temple"; "those who believe the vaccine is a 'mark of the beast'"; "objections to the vaccine(s) use of fetal cell lines"; "how scripture (the Bible) prevented the taking of a CV-19 vaccine"; and "submissions stating God would protect the individual." Dkt. 20 at 9.

On December 28, 2023, Littlejohn filed this lawsuit. Dkt. 1. She amended her complaint on May 2, 2024. Dkt. 20. On July 9, Kaiser moved to dismiss. Dkt. 29. The motion is fully briefed. Dkt. 31, 32, 35, 36.

---

[3] Littlejohn states in her amended complaint she was placed on unpaid leave on October 25, 2022. Based on its review of the record, the Court determines the correct date to be October 25, 2021.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 4

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr.*, 768 F.3d at 945, but it is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555.

### IV. DISCUSSION

**A.     Littlejohn has plausibly alleged a religious accommodation claim.**

Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 5

compensation, terms, conditions, or privileges of employment, because of" that individual's religion. 42 U.S.C. § 2000e–2(a)(1). An employer must "reasonably accommodate" an employee's religious practice unless such accommodation would impose "undue hardship on the conduct of the employer's business." *Id.* § 2000e(j). Similarly, under the WLAD, employers may not refuse to hire, discharge, bar from employment, or discriminate against in compensation or other terms of employment any person because of their religion. RCW § 49.60.180; *see Kumar v. Gate Gourmet, Inc.*, 180 Wash.2d 481, 501, 325 P.3d 193 (2014) (en banc). The WLAD also creates a cause of action for failure to reasonably accommodate an employee's religious practices. *Kumar*, 180 Wash.2d at 501. To plead a WLAD failure-to-accommodate claim, Plaintiffs must plausibly allege substantially the same elements as a Title VII failure-to-accommodate claim. *See id*. Accordingly, the Court analyzes the state and federal claims together.

To successfully plead a Title VII failure-to-accommodate claim, Plaintiffs "must plausibly allege that (1) [they] had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) [they] informed [their] employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action because of [their] inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004). "Once an employee establishes a prima facie case of failure to accommodate religion, the burden shifts to the employer to show 'either that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship.'" *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1224 (9th Cir. 2023) (quoting *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998)).

Kaiser argues that the Court should dismiss Littlejohn's complaint at the first step,

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 6

because she has failed to plausibly allege that she held a bona fide religious belief that conflicted with an employment duty. Dkt. 29 at 9–19. Kaiser cites a number of district court orders from around the country that have rejected religious accommodation claims arising from refusal of COVID-19 vaccination on grounds similar to those Littlejohn expressed. But the precedent that binds this Court is that of the Ninth Circuit.

The Ninth Circuit has explained that the "burden to allege a conflict with religious beliefs is fairly minimal." *Bolden-Hardge*, 63 F.4th at 1223. While courts need not take "conclusory assertions of violations" of religious belief "at face value," they must not "interrogate the reasonableness" of alleged beliefs. *Id.* The Supreme Court has also "cautioned against second-guessing the reasonableness of an individual's assertion that a requirement burdens her religious beliefs," *id.*, emphasizing that a court's "narrow function in this context is to determine whether the line drawn reflects an honest conviction," *id.* (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) (cleaned up)).

Even more importantly, the Ninth Circuit has already rejected arguments like those Kaiser asserts here. In *Keene v. City and County of San Francisco*, the plaintiffs claimed that the defendant had failed to accommodate their religious beliefs when they were denied a COVID-19 vaccine exemption based on their religious objections to the use of fetal cell lines in vaccine development. No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023). The district court denied their request for a preliminary injunction, concluding they had not demonstrated that their beliefs were sincere or that they conflicted with receiving the COVID-19 vaccine. *Id.* The Ninth Circuit reversed. The court emphasized that a "religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted," and explained that the district court's ruling had conflated sincerity—meaning whether the plaintiffs held the beliefs honestly—with rationality or scientific accuracy. *Id.*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 7

Similarly, in *Doe v. San Diego Unified School District*, the Ninth Circuit explained that it would "not question the legitimacy" of a plaintiff's religious objection to taking the COVID-19 vaccine based on "use of fetal cell lines at any stage of their development." 19 F.4th 1173, 1176 n.3 (9th Cir. 2021).

In this case, Littlejohn provided a written explanation of her religious belief underlying her request for an exemption from COVID-19 vaccination under Kaiser's policy and Washington state requirements. *See* Dkt. 30 at 22–24. Littlejohn stated that her religious beliefs required her to reject "contaminants" and "socially sacrificed human and debris in vaccinations," in keeping with scriptural imperatives. *See id.* at 24. She alleges in her amended complaint that her written statement referred to her objection to the use or presence of "aborted fetal cells" in the "testing or production" of the COVID-19 vaccines. *See* Dkt. 20 at 7–8.

Kaiser argues that because Littlejohn's written submission did not specifically reference fetal cell lines, she should not be able to claim that was the basis for her religious objection. Dkt. 29 at 9. But at this stage, the Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr.*, 768 F.3d at 945. It is not unreasonable to infer, as Littlejohn argues, that her references to "contaminants" and "socially sacrificed human and debris" were related to her religious beliefs about the use of fetal cell lines. Kaiser's arguments, like those rejected by the Ninth Circuit in *Keene*, go more to whether these alleged beliefs are rational, accurate, or consistent, not to whether they are sincerely held. Taking her allegations as true, and drawing all reasonable inferences in her favor, the Court concludes that Littlejohn has plausibly alleged that Kaiser's requirement that she receive a COVID-19 vaccine conflicted with her sincerely held religious beliefs. Kaiser has not challenged the sufficiency of Littlejohn's allegations for the other elements of her religious accommodation claims.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 8

**B.     Littlejohn has plausibly alleged a disparate treatment claim.**

Next, Kaiser argues that the Court should dismiss Littlejohn's disparate treatment claim because she has not sufficiently alleged one step of the *McDonnell Douglas* test—namely, that "she was treated differently than similarly situated persons outside her protected class." Dkt. 29 at 19–20. Kaiser argues that Littlejohn must allege comparators who were "similarly situated in all material respects," and that her complaint should be dismissed because it "contains no factual information regarding anyone other than plaintiff" and does not identify "any other employee of KFHP that Plaintiff believes was similarly situated to her and outside her alleged protected class, but was purportedly treated more favorably." *Id.* at 20.

This argument reflects a fundamental misunderstanding of disparate treatment claims. A plaintiff is not required to plead (or pursue) a comparator evidence theory of discrimination. "A plaintiff may show an inference of discrimination in whatever manner is appropriate in the particular circumstances." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (internal quotation marks and citation omitted). "A plaintiff may do so through comparison to similarly situated individuals, or any other circumstances surrounding the adverse employment action that give rise to an inference of discrimination." *Id.* (cleaned up); *see also Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003) (to establish a prima facie case of discrimination, employee may offer evidence either through *McDonnell Douglas* framework, "or with direct or circumstantial evidence of discriminatory intent").

Here, Littlejohn has alleged that Kaiser expressly discriminated against certain specific categories of substantive religious beliefs that it disfavored when deciding whether to grant religious accommodations to its employees. Dkt. 20 at 9. At this stage of the litigation, the Court must take that allegation as true. And, if true, Littlejohn's allegation would be direct evidence of discriminatory intent. That is sufficient to plausibly allege a disparate treatment claim. *See*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 9

*Vasquez*, 349 F.3d at 640.

## V. CONCLUSION

Through discovery, Kaiser may be able to develop evidence that Littlejohn's professed religious beliefs were not in fact sincere. But taking her allegations as true, she has plausibly alleged violations of Title VII and the WLAD. For these reasons, Kaiser's motion to dismiss is DENIED.

Dated this 9th day of October, 2024.

Tiffany M. Cartwright
United States District Judge