UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIZABETH ANN LITTLEJOHN,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendant. | Case No. 3:23-cv-06194-TMC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.  ORDER

Before the Court is Defendant's motion for reconsideration (Dkt. 41) of the Court's order denying its motion to dismiss (Dkt. 39). Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). The Court DENIES Defendant's motion for three reasons.

First, Kaiser does not address or even acknowledge the standard for motions for reconsideration under this Court's local rules. This alone is reason to deny the motion.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Second, Kaiser's argument that the Court "overlooked" the plain text of Littlejohn's exemption request is incorrect and does not show manifest error. The Court concluded that, drawing all inferences as required in Littlejohn's favor, the text of her request—through which she informed her employer of her religious belief and the conflict with her employment duty—could plausibly be read, as Littlejohn claims she intended, to convey an objection to the use of fetal cell lines in developing vaccines. Dkt. 39 at 7–8. In other words, the allegations in her complaint are not inherently inconsistent with the text of her request. The Ninth Circuit has already twice instructed that this is sufficient to allege a sincere religious objection to vaccination for COVID-19. *See, e.g.*, *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n. 3 (9th Cir. 2021). Additionally, Kaiser's argument that it should be granted judgment as a matter of law on the basis that Littlejohn failed to adequately communicate her religious conflict to her employer is undermined entirely by the fact that Kaiser provisionally *approved* Littlejohn's religious exemption, before deeming it insincere upon "further review." *See* Dkt. 30 at 26–36.

Third, Kaiser's discussion of disparate treatment law reiterates arguments the Court has already rejected and does not show manifest error. Kaiser also misstates the authority it relies on. For example, in *Leake v. Raytheon Techs. Corp.*, the portion of the opinion cited by Kaiser is conditioned on the earlier statement that "Plaintiffs rely solely on the contention that they pleaded sufficient facts to establish a prima facie case of disparate treatment under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." No. 23-15320, 2024 WL 1854287, at *1 (9th Cir. Apr. 29, 2024). This sentence, which is omitted from Kaiser's motion, is critical because—as this Court's order denying the motion to dismiss explained—a plaintiff is not required to use the *McDonnell Douglas* framework to state a claim

ORDER DENYING MOTION FOR RECONSIDERATION - 2

for disparate treatment. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement. . . . [I]f a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case."); *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1136–37 (9th Cir. 2019) (the Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss"); *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003) ("For a prima facie case, Vasquez must offer evidence that gives rise to an inference of unlawful discrimination, *either* through the framework set forth in *McDonnell Douglas Corp. v. Green or* with direct or circumstantial evidence of discriminatory intent.").

Here, the Court concluded that, drawing all inferences in her favor, Littlejohn had plausibly alleged a theory of express, intentional discrimination against certain categories of substantive religious beliefs. Dkt. 39 at 9. Kaiser's final argument, Dkt. 41 at 6, that a disparate treatment claim cannot be premised on discrimination against "particular religious beliefs," is wholly unpersuasive. Most of the cases cited by Kaiser concern disparate impact claims, not disparate treatment. Title VII forbids employment discrimination "against any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). The plain text of Title VII defines "religion" as "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j). Littlejohn alleged that Kaiser treated five specific categories of beliefs (including the beliefs she claims to hold) with animus in its accommodation process, based on its own evaluation of "religious doctrine or teaching" rather than whether the professed beliefs were sincerely held, and that this is why her request for accommodation was denied. Dkt. 20 at ¶¶ 9, 59, 62, 63, 65. At this stage of the litigation, the Court must assume these allegations are true.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

Littlejohn has stated a plausible disparate treatment claim, and Kaiser has not shown manifest error in the Court's previous ruling. The motion for reconsideration is DENIED.

Dated this 5th day of November, 2024.

Tiffany M. Cartwright
United States District Judge