UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIZABETH ANN LITTLEJOHN,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN<br><br>OF WASHINGTON,<br><br>Defendant. | Case No. 3:23-cv-06194-TMC<br><br>ORDER ON MOTION FOR SANCTIONS |

## I.  INTRODUCTION

This case arises from the termination of Plaintiff Elizabeth Littlejohn's employment by Defendant Kaiser Foundation Health Plan of Washington ("Kaiser") after Littlejohn declined to be vaccinated against COVID-19 during the pandemic. Littlejohn alleges that Kaiser failed to reasonably accommodate her sincere religious objections to vaccination. In this motion, Littlejohn asks the Court to sanction Kaiser for failing to provide complete answers to five interrogatories after the Court ordered Kaiser to do so. Dkt. 72. Kaiser responds that it has supplemented its interrogatory answers in good faith and that Littlejohn failed to meet and confer sufficiently. Dkt. 86. The Court finds that most of Kaiser's supplemental answers remain "evasive or incomplete" and that Kaiser failed to meaningfully comply with the Court's previous

ORDER ON MOTION FOR SANCTIONS - 1

order compelling those answers. *See* Fed. R. Civ. P. 37(a)(4), (b)(2)(A). But because there is time remaining in discovery for Kaiser to provide complete answers, the evidentiary sanction requested by Littlejohn under Rule 37(b)(2)(A)(i) is too harsh. Instead, the Court will compel prompt, complete answers from Kaiser and require Kaiser to pay Littlejohn's reasonable expenses caused by its failure to comply. The motion for sanctions (Dkt. 72) is therefore GRANTED IN PART and DENIED IN PART.

## II.   LEGAL STANDARD

The Federal Rules equip this Court with a broad array of sanctions to punish and deter misconduct. *See* Fed. R. Civ. P. 37(b)(2)(A); *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980). When a party fails to "obey an order to provide or permit discovery," this Court may impose sanctions including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]" Fed. R. Civ. P. 37(b)(2)(A), (A)(ii). Rule 37 also provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses . . . caused by the failure[.]" Fed. R. Civ. P. 37(b)(2)(C). The party against whom an award of expenses is sought bears the burden of showing their "failure was substantially justified" or that an award is otherwise "unjust." *Id.*; *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983). Rule 37's twin aims are "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *E.E.O.C. v. Fry's Elecs., Inc.*, 287 F.R.D. 655, 658 (W.D. Wash. 2012) (alteration in original) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–74 (1980)).

### III. DISCUSSION

On September 12, 2025, the Court held a hearing pursuant to its expedited procedure for discovery disputes. *See* Dkts. 62–65, 89-2. The Court decided each dispute on the record and then issued a written summary of its rulings. Dkt. 66. As relevant here, the Court ordered Kaiser to supplement its responses to Interrogatories 2, 3, 11, 14, and 16. *Id.* The Court will address each interrogatory and then discuss the appropriate sanction.

**A.    Interrogatory 2**

In Interrogatory 2, Littlejohn asked Kaiser to identify its employees or agents "who participated in any way regarding Plaintiff's request for religious accommodation to your COVID-19 vaccine mandate," including "any investigation, discussion and/or decision." Dkt. 86-1 at 9–10. The interrogatory asked Kaiser to state the role of each employee or agent "related to Plaintiff's request" and provide their name, title, and contact information. *Id.* After the hearing on September 12, the Court ordered Kaiser to "identify all responsive individuals" within 7 days. Dkt. 66 at 1. When Kaiser supplemented its answer (after negotiating an extension), it lodged several objections, and then directed Littlejohn to a previous interrogatory answer, where it had identified outside counsel as someone who "may have privileged information about Plaintiff's request to be exempt from Defendant's COVID-19 vaccine requirement." Dkt. 86-1 at 9–10. In a later supplement, Kaiser reiterated its position that outside counsel "Jessica Koenig provided privileged legal advice on Plaintiff's exemption request" and did not identify anyone else. *Id.* at 22.

This raises more questions than it answers. As the Court discussed with the parties during the discovery hearing, the invocation of the attorney-client privilege depends on the lawyer's role in the employer's decision. "The attorney-client privilege applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role, as well as when

lawyers represent their clients in litigation." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996). Advice given by Ms. Koenig to Kaiser on reasonable accommodation decisions may very well be privileged. But if she was *giving* privileged legal advice, there must be someone at Kaiser who *asked for* or *received* that advice and then acted on Littlejohn's accommodation request. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice.") (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). That person, or persons, should be identified in Kaiser's response to Interrogatory 2.

Conversely, if Ms. Koenig was the actual decisionmaker for Ms. Littlejohn's request, the basis for her decision may not be covered by the attorney-client privilege. "The privilege protects only communications, and not underlying facts[.]" *In re Cal. Bail Bond Antitrust Litig.*, 778 F. Supp. 3d 1051, 1057 (N.D. Cal. 2025) (citing *Upjohn*, 449 U.S. at 396); *see also, e.g.*, *Kirkpatrick v. City of Oakland*, No. 20-cv-05843-JSC, 2021 WL 8892955, at *2 (N.D. Cal. Oct. 20, 2021) ("That the commissioners may have received legal advice in coming to their termination decision does not make the basis for their decision privileged. Advice they received from counsel is privileged, but the basis for the commissioners' decision is not privileged."); *Brinckerhoff v. Town of Paradise*, No. CIV. S-10-0023 MCE GGH, 2011 WL 2926936, at *3 (E.D. Cal. July 15, 2011) ("[I]f the Town attorney role was to participate as a decision maker in the management decision to terminate plaintiff, *none* of what was said at the meeting may have been privileged."). If Ms. Koenig is the only person identified in response to Interrogatory 2 because she was the decisionmaker, Kaiser must state that. The scope of her role is relevant, is discoverable, and will surely be important to any privilege disputes if either party seeks her testimony.

ORDER ON MOTION FOR SANCTIONS - 4

Kaiser's current responses to Interrogatory 2 remain evasive and incomplete, and they do not comply with the Court's previous order compelling a supplemental response. Nor is the failure to answer substantially justified. *See* Fed. R. Civ. P. 37(b)(2)(C). The Court explained clearly and directly at the hearing that a party may not shield facts underlying an employment decision simply by having an attorney make that decision. Kaiser must provide a complete answer to Interrogatory 2 no later than January 5, 2026—all of Kaiser's objections are overruled. The answer must state the role of each person identified, including who made the actual decision to deny Littlejohn's accommodation request.

**B.    Interrogatory 3**

Interrogatory 3 asked Kaiser to state the number of its employees who had "requested a religious accommodation to your Covid-19 vaccination requirement, including how many were granted and how many were denied." Dkt. 86-1 at 10. At the discovery hearing, counsel for Kaiser represented that they had provided this information to Littlejohn's counsel during the meet-and-confer process, and that they would include it in a verified supplemental answer. The Court ordered Kaiser to do so. Dkt. 66 at 2.

The supplemental answer stated that "Kaiser Foundation Health Plan of Washington received 503 requests from employees who wished to be exempt from the COVID-19 vaccine mandate purportedly for religious reasons. 315 requests were granted." Dkt. 86-1 at 10. The answer did not state how many requests were denied. As plaintiff's counsel points out, *see* Dkt. 72 at 4, denial is not the only possible option for the remaining requests—some could be withdrawn, or never acted upon. When Littlejohn's counsel followed up with Kaiser's counsel about the number of denials, their response was: "It is 503-315=188. I'm sorry if that was unclear to you." Dkt. 72-3 at 2. While this individual email is of little importance, the response is characteristic of the attitude Kaiser has displayed throughout several discovery disputes the

ORDER ON MOTION FOR SANCTIONS - 5

Court has been forced to resolve: one of sarcasm and derision toward Littlejohn and her counsel, when it would be so simple to just answer in good faith.

After Littlejohn filed her sanctions motion on November 7, 2025, Kaiser supplemented its answers again on November 17, confirming the number of employees who did not receive a religious exemption. Dkt. 86-1 at 23. Littlejohn agrees in reply that this answer is sufficient. Dkt. 89 at 3. But the previous response did not comply with the Court's order, and Kaiser's failure to fully answer the interrogatory was not substantially justified.

C.     **Interrogatory 11**

Interrogatory 11 asked Kaiser to identify the dates it required protective measures "in order to prevent infection and/or transmission of the COVID-19 virus," including "the date the requirement was discontinued, if any." Dkt. 86-1 at 13. At the September 12 discovery hearing, counsel for Kaiser represented that their client would supplement its answer, and the Court ordered Kaiser to do so within 7 days. Dkt. 66 at 2. Kaiser's supplemental answer on October 3, however, identified only the date Kaiser adopted its vaccination policy and did not provide information on any other protective measures. Dkt. 86-1 at 13. After Littlejohn filed her sanctions motion on November 7, Kaiser supplemented its answers again on November 17, this time listing other protective measures but not the dates they were implemented or suspended. Dkt. 86-1 at 24. Instead, Kaiser wrote that some measures "remain in place" and others "were relaxed at varying times" but that it is "difficult for Defendant to pinpoint the exact date." *Id.*

Interrogatory 11 seeks information that is relevant and proportional to Kaiser's undue hardship defense. *See* Dkt. 40 at 17; Fed. R. Civ. P. 26(b)(1). Kaiser should at least be able to identify which measures remain in place, and a rough estimate of when the measures that do not remain in place were discontinued. Kaiser's objections to Interrogatory 11 are overruled and its

failure to answer fully was not substantially justified. Kaiser must provide a complete answer no later than January 5, 2026.

**D.     Interrogatories 14, 15, and 16**

Interrogatories 14, 15, and 16 sought information concerning religious exemptions from the COVID-19 vaccine Kaiser granted to other employees at three of its locations in Western Washington: Redmond, Olympia, and Bellevue. *See* Dkt. 86-1 at 15–17. Littlejohn asked Kaiser to state how many exemptions were granted, whether exempt individuals "were allowed to work directly with patients," and "what protective measures such accommodated individuals were required to take." *Id.*

At the discovery hearing, the Court first directed the parties to meet and confer to narrow the scope of these interrogatories to employees who held positions that were relevant comparators to Littlejohn—a scheduler who interacted with patients over the phone. Dkt. 89-2 at 6. But after Littlejohn's counsel proffered his evidence for believing that Kaiser had provided religious exemptions to employees who worked in "patient-facing positions" such as doctors, nurses, and physician assistants, the Court ruled that all the information sought in Interrogatories 14, 15, and 16 was "relevant to the assertion of the undue hardship defense." *Id.* at 8–9.[1] The reason was obvious: evidence that Kaiser had accommodated unvaccinated employees who worked with patients in person would make it less likely that accommodating Littlejohn was an undue hardship. *See* Fed. R. Evid. 401.

When Kaiser's counsel explained the burden of providing this information in interrogatory form for each employee who received an accommodation, Littlejohn's counsel

---

[1] As Littlejohn's counsel points out, while the Court ruled on the record on Interrogatories 14, 15, and 16 (*see* Dkt. 89-2 at 9), the written order referenced only Interrogatories 14 and 16, *see* Dkt. 66 at 2. This was a mistake in the written order, and Kaiser is compelled to answer all three interrogatories.

ORDER ON MOTION FOR SANCTIONS - 7

suggested that he might be satisfied with more general information about whether Kaiser had allowed employees who received religious exemptions to continue working directly with patients. Dkt. 89-2 at 9–10. The Court therefore ordered the parties to meet and confer to "determine an efficient way for Defendant to provide responsive information about the types of accommodations granted to employees at the Redmond and Bellevue facilities and what protective measures were required (including both patient-facing and non-patient-facing employees)." Dkt. 66 at 2. But as the Court stated in its oral ruling, the underlying information sought "is pretty basic and clearly within the scope of Rule 26." Dkt. 89-2 at 11. In later emails reflecting the parties' efforts to meet and confer, Littlejohn's counsel confirmed that Kaiser "did not have to look into each specific accommodation" and could simply describe what accommodation requirements applied to each category of employees. Dkt. 72-3 at 3.

Despite the Court's order, when Kaiser supplemented its interrogatory answers, it stated only that "none of [the] exemption requests" at each location "was from a coordinated procedure scheduler"—Littlejohn's specific position. *See* Dkt. 86-1 at 15–17. In a second supplemental answer provided after Littlejohn filed her sanctions motion, Kaiser stated that it granted three vaccine exemptions in Redmond and 25 in Bellevue, but it refused to state whether the employees worked directly with patients, claiming it was "unable to answer because the terms of the request are ambiguous." *Id.* at 25–27. In emails with Littlejohn's counsel, Kaiser's counsel asserted that "patient-facing" was an "idiosyncratic definition[]" that Kaiser could not "understand with any degree of precision." Dkt. 72-3 at 3. And in its opposition to this motion, Kaiser has maintained that it only needed to answer for "comparable positions" to Littlejohn. Dkt. 86 at 8.

None of this is consistent with the Court's order at the earlier discovery hearing. The Court discussed the definition of "patient-facing" with the parties, and Littlejohn's counsel

ORDER ON MOTION FOR SANCTIONS - 8

provided clear (non-exhaustive) examples: doctors, nurses, and physician assistants. Dkt. 89-2 at 8–9. The Court also ruled orally and in writing that Kaiser must provide the information sought for both "patient-facing and non-patient-facing employees." Dkt. 66 at 2. If Kaiser was honestly confused about the meaning of these terms—a position the Court finds hard to believe—it could have sought clarification, but it did not. The requests are not ambiguous, and Kaiser's failure to answer them was not substantially justified. Kaiser's objections are overruled, and it must provide full and complete answers to Interrogatories 14, 15, and 16 no later than January 5, 2026.

E.  **Appropriate Sanction**

As sanctions for Kaiser's failure to comply with the Court's earlier order, Littlejohn asks the Court to (1) deem it established for purposes of this action that "Kaiser permitted its unvaccinated employees, including doctors, nurses, and other medical professionals, with religious exemptions to work in-person directly with patients"; (2) order Kaiser to provide complete answers to the outstanding interrogatories; and (3) order Kaiser to pay $5,575 for her reasonable costs and attorney's fees incurred to bring the motion and $5,725 for meet and conferral efforts and preparing the reply brief. Dkt. 72 at 1, Dkt. 89-1 at 2–3.

The Court has already ordered Kaiser to provide full answers as set forth above. Although Rule 37(b)(2)(A) allows the Court to direct as a sanction "that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," here the Court finds that such a harsh sanction is not yet necessary. *See* Fed. R. Civ. P. 37(b)(2)(A)(i). Whenever possible, cases should be decided on their merits, and discovery in this case remains open until February 13, 2026. Dkt. 85. If Kaiser now complies with the Court's orders and provides complete, good-faith answers by January 5, Littlejohn will have the information she needs. *Cf. United States v. Schmidt,* No. C16-0985RSL, 2017 WL 6021477, at *1 (W.D. Wash. Oct. 24, 2017) (imposing evidentiary bar when continued failure to

ORDER ON MOTION FOR SANCTIONS - 9

respond to discovery requests "effectively precluded plaintiff from investigating and analyzing his defenses"); *Gibson v. City of Kirkland*, No. C08-0937-JCC, 2009 WL 666885, at *1–2 (W.D. Wash. Mar. 11, 2009) (imposing evidentiary bar because plaintiff repeatedly failed to provide timely discovery and eventual production was insufficient and "substantially prejudiced" the defense). However, if Kaiser again fails to comply, the Court will either deem the facts requested by Littlejohn as established or prohibit Kaiser from supporting its undue hardship defense altogether. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Rule 37 also directs that instead of or in addition to evidentiary sanctions, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court has already determined that Kaiser's failures were not substantially justified. Kaiser has not opposed the hours expended by Littlejohn's counsel or their hourly rates. The Court therefore imposes a total sanction of $11,300 for the reasonable expenses incurred by Littlejohn due to Kaiser's failure to follow the Court's orders. This sanction shall be imposed jointly and severally against Defendant Kaiser and the law firm of Seyfarth Shaw LLP. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) (rejecting a due process challenge to a sanction for violating Rule 37 imposed jointly and severally on counsel and client); *Play Visions, Inc. v. Dollar Tree Stores, Inc.*, No. C09–1769 MJP, 2011 WL 2292326, at *10 (W.D. Wash. June 8, 2011) (imposing Rule 26 sanctions jointly and severally on counsel and client).

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS:

1. Plaintiff Elizabeth Littlejohn's motion for sanctions (Dkt. 72) is GRANTED IN PART and DENIED IN PART.

ORDER ON MOTION FOR SANCTIONS - 10

2. Defendant Kaiser Foundation Health Plan of Washington shall provide complete answers to Interrogatories 2, 11, 14, 15, and 16 no later than January 5, 2026. A failure to do so will result in evidentiary sanctions under Federal Rule of Civil Procedure 37(b)(2)(A).

3. Defendant Kaiser and the law firm of Seyfarth Shaw must pay Plaintiff $11,300.00 for her reasonable expenses caused by their failure to comply with the Court's previous discovery orders. Plaintiff's counsel shall provide payment instructions within 7 days of this Order and the payment shall be made no later than January 5, 2026.

Dated this 23rd day of December, 2025.

Tiffany M. Cartwright
United States District Judge